Ronnie **GIPSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 284S65.**

Supreme Court of Indiana.

Dec. 30, 1985.

John B. Wilson, Jr., Bean Blossom, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

In 1972 appellant entered a plea of guilty to the crime of Armed Robbery in Marion Superior Court, Criminal Division Room 3. Pursuant to a plea bargain, he was sentenced to 360 days on the Indiana State Farm under the Indiana Minor Statute. In 1982 appellant received a transcript of the above proceedings. In June, 1983, his counsel filed a Petition for Post-Conviction Relief. After a hearing on that petition, the trial judge denied relief. Appellant appeals that judgment. We reverse.

Appellant claims the State of Indiana failed in its burden of proof by not proving any of the elements of the doctrine of laches. In the case of *Twyman v. State* (1984), Ind., 459 N.E.2d 705, this Court pointed out that the post-conviction remedy rule provides that a petitioner may file for post-conviction relief regardless of the length of time he has waited to assert the claim. However, the Court went on to point out that laches is available as an affirmative defense for the State, notwithstanding the amount of time that has elapsed, if the State also proves that the petitioner had knowledge of existing conditions and acquiesced in them and that there are circumstances causing prejudice to the State. *Id.* at 711–12.

In the case at bar, the State merely filed a responsive pleading stating that inasmuch as appellant had been sentenced on August 9, 1972, and had taken no action until he had obtained his transcript in 1982,

he was therefore barred by laches. The State made no further attempt to establish that it would be prejudiced in any manner should the post-conviction relief be granted.

At the time of his sentence, appellant was a minor with very little knowledge of the law. He received a 360 day sentence at the Indiana State Farm with credit for 157 days spent in jail during the pendency of the cause. When the good time was calculated for appellant, he in fact spent only a few days at the Indiana State Farm on the sentence. At his post-conviction relief hearing he testified that he made no effort to delve into the legality of that sentence until he had much later been declared to be an habitual criminal based in part on the above prior conviction. He stated that he knew of no defect in his prior conviction until so advised some ten years later by his counsel.

We hold the State did not sustain its burden of proving facts to support the doctrine of laches. The only thing established by the State was the lapse of time, which under *Twyman, supra* is not sufficient.

Appellant claims the trial court erred in also holding that his guilty plea was entered knowingly, intelligently and voluntarily. Appellant claims there were three missing advisements by the trial court at the time of his original sentence. He claims they are: 1) the right to a trial by jury; 2) the privilege against compulsory self-incrimination; and 3) the right to confront one's accusers. An examination of the record clearly shows the trial court did in fact advise him of his right to a trial by jury. The court also conducted an evidentiary hearing at the time of the plea of guilty in which appellant's accusers did in fact appear and testify. Thus, it was demonstrated to the appellant that he did in fact have a right to confront his accusers. We find, however, the record is totally devoid of any statement to appellant that he had a privilege against compulsory incrimination. Such advisement is required by *Boykin v. Alabama* (1969), 395 U.S. 238, 89

**994**

S.Ct. 1709, 23 L.Ed.2d 274. In the absence of this advisement the trial court was required to grant the petition for relief.

This cause is remanded to the trial court with instructions to grant appellant's Petition for Post-Conviction Relief.

All Justices concur.