Andrew CHENEY, Jr., Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 1–685A158.

Court of Appeals of Indiana,
First District.

Feb. 11, 1986.

Susan K. Carpenter, Public Defender, Margaret S. Hills, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

Appellant Andrew Cheney (Cheney) is appealing the denial of his petition for post-conviction relief.

We affirm.

Cheney pleaded guilty on October 22, 1973, to one count of Entering to Commit a Felony.[1] Cheney received a suspended sentence, and the judge granted one year of probation conditioned upon Cheney's entering the program at the Alcoholic Recovery Center of Southwestern Indiana. After he was found guilty of an unrelated offense in November, 1983, he was sentenced to an additional thirty years as an habitual offender.

Cheney filed his petition for post-conviction relief on April 4, 1984, alleging that the trial judge at his 1973 plea hearing had failed to properly advise Cheney of his constitutional rights and waiver of those rights before accepting his plea. The State interposed laches as an affirmative defense. The court denied Cheney's petition, finding him guilty of laches.

We are asked to review denial of the petition on the basis of two issues:

I. Whether denial of Cheney's post-conviction relief petition for laches violated Cheney's right to due process of law?

II. Whether the trial court erred in finding Cheney guilty of laches and denying his petition for post-conviction relief.

ISSUE I:

 For his first issue, Cheney contends that he has an absolute right to challenge his 1973 guilty plea. In essence, he argues that laches cannot be a defense to a petition for post-conviction relief consistent with due process, where the State "resurrects" the infirm conviction to prove the defendant's status as an habitual offender. Cheney has not cited any authority directly on this point, and we find none that would support defendant's contention that due process requires that a petition for post-conviction relief must be granted even when the petitioner has knowledge of the infirmity and has acquiesced over time in the deprivation of his constitutional rights, and the State is prejudiced thereby. *See* generally *Frazier v. State,* (1975) 263 Ind. 614, 335 N.E.2d 623. Indeed, due process requires that all parties act promptly and diligently in bringing matters before the court. *Callahan v. State,* (1966) 247 Ind. 350, 214 N.E.2d 648. Cheney's contention that notions of finality are inappropriate in criminal cases is unsupported and meritless. *Id.* at 356, 214 N.E.2d at 652.

ISSUE II:

Cheney next asserts that the delay in filing his petition for post-conviction relief was excusable, since he testified he did not know until 1984 that he could have set aside underlying convictions in order to challenge his status as an habitual offender. Cheney also claims that the State failed to demonstrate that it was prejudiced by the delay of more than ten years.

 The State is required to prove the laches defense by a preponderance of the evidence. *Twyman v. State,* (1984) Ind.,

---

1. IND.CODE § 35–13–4–5 (West 1976) (repealed 1977).

459 N.E.2d 705. Because the trial court denied Cheney's petition, he is appealing from a negative judgment. Therefore, only where the evidence is without conflict and leads to but one conclusion and the trial court reached the opposite conclusion, will the decision be disturbed as being contrary to law. *Pinkston v. State*, (1985) Ind.App., 479 N.E.2d 79, 82. We are also mindful of our duty not to reweigh the evidence nor reassess the credibility of witnesses. *Id.* at 82.

█ The State presented evidence that Cheney had filed petitions for post-conviction relief as early as 1975 and as recently as 1979, prior to the petition we are concerned with here. Moreover, the court heard evidence that Cheney knew in 1974 that he should have been given advisements at his guilty plea hearing, and that improper pleas could be set aside. We hold that the evidence was sufficient to support the trial court's finding that Cheney had neglected for an unreasonable length of time to attempt to set aside his 1973 conviction.

█ In order to prevail in its laches defense, the State must also prove it has been prejudiced by Cheney's delay in filing his petition. *Pinkston v. State, Id.* We hold that the trial court's finding that it would be extremely difficult, or impossible, for the State to try Cheney today, was supported by sufficient evidence. The sole investigating officer testified that the sheriff's office had destroyed records of any evidence, photographs, or witness statements relating to the Cheney case. The Warrick County prosecutor and his predecessors reported that no file existed on the 1973 incident. A secretary in the prosecutor's office testified that her search of the files revealed nothing containing any evidence, but the office had a file she had generated by copying information from the court file. Finally, the State elicited testimony from a deputy of the Warrick County sheriff's department indicating that the complaining witness refused to give a statement to the officer when he contacted

her in 1984 about the incident in which Cheney was allegedly involved.

In view of the foregoing, the trial court properly denied Cheney's petition for post-conviction relief.

Judgment affirmed.

RATLIFF and NEAL, JJ., concur.