Waymon **WILSON**, Appellant
(Petitioner Below),

v.

**STATE** of Indiana, Appellee
(Respondent Below).

No. 49A02–8704–PC–164.

Court of Appeals of Indiana,
Second District.

Feb. 16, 1988.

Susan K. Carpenter, Public Defender, John Pinnow, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Waymon Wilson appeals the denial of his petition for post-conviction relief.

We affirm.

### ISSUE

The sole issue on appeal is whether the evidence was sufficient to support the post-conviction hearing court's finding of laches.[1]

### FACTS

On June 3, 1971, when Wilson was twenty years old, he pled guilty to possession of heroin[2] and was sentenced to an indeterminate term of one to ten years incarceration. In 1975, Wilson commenced a sentence for a theft conviction. He was sentenced in 1982 as an habitual offender arising from his conviction for burglary. He filed the instant petition for post-conviction relief in February, 1986.

At Wilson's 1971 guilty plea hearing, the testimony of Officer Don Goeden, a member of the Indianapolis police force, provided the factual basis for the plea. Goeden related that in February 1971, he and other officers, whom he did not name, conducted a surveillance of a suspected narcotics dealer's house. They observed Wilson approach the front door of the house and exchange something with a person answering the front door. A foil package containing white powder was subsequently recovered from Wilson. A field test identified the white powder as a derivative of opium. A laboratory analysis by Sergeant Charles Caine identified the substance as heroin in an amount equal to that used for one injection. The charging information was sworn by Elmer E. Combs, who was listed on the charging instrument along with Goeden and Caine as State's witnesses.

At his post-conviction relief hearing Wilson testified that he learned about post-conviction relief procedures in 1983 by consulting a book on trial procedure following the fruitless appeal of his burglary conviction. He also admitted that in 1983 he had petitioner for post-conviction relief from his 1971 drug conviction in the court which sentenced him as an habitual offender. When asked why no action had been taken on that petition, Wilson responded: "I've had a series of public defenders, uh, some of em retire, some of 'em get sick, uh, and uh, it just never came in front of the courts until just now." Record at 101.

Wilson admitted he only vaguely remembered his guilty plea hearing. He did not remember the name or appearance of the attorney who represented him at the guilty

---

1. Wilson also argues his plea was involuntary because the guilty plea court failed to advise him of his constitutional rights to confront and cross-examine witnesses, his right against self-incrimination, and misadvised him concerning his right to a jury trial. Although this argument implicates *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (*See also White v. State* (1986), Ind., 497 N.E.2d 893; and *Rose v. State* (1987), Ind.App., 513 N.E.2d 1243), we do not reach the issue because of our determination the evidence is sufficient to support the finding of laches. "Our supreme court and appellate courts have long recognized the defense of laches to constitutional errors alleged in post-conviction relief petitions." *Wilburn v. State* (1986), Ind.App., 499 N.E.2d 1173, 1176, citing *Lacy v. State* (1986), Ind., 491 N.E.2d 520; *Cheney v. State* (1986), Ind.App., 488 N.E.2d 739; *Badelle v. State* (1986), Ind.App., 487 N.E.2d 844; *Morrison v. State* (1984), Ind.App., 466 N.E.2d 783.

2. IC 10–3520 (Burns 1956).

plea hearing; he did not remember Goeden; he did not remember a factual basis for his plea being stated; and he did not remember the colloquy between himself and the court. Wilson did remember Combs because he was the officer who "accosted" him.

Officers Combs and Caine testified at Wilson's post-conviction relief hearing, Officer Goeden did not. Combs recalled he worked as a narcotics undercover officer in 1971; however, he did not recall the arrest of Mr. Wilson. Combs further testified he did not have notes of the incident and did not recognize Wilson. Neither was Combs's memory refreshed during the hearing by a reading of Goeden's testimony at the 1971 guilty plea hearing.

Sergeant Caine, the second State's witness, testified that his duties in 1971 as a police officer included examining suspected narcotics and dangerous drugs. He did not recall examining the white powder wrapped in foil taken from Wilson. He testified he personally supervised the routine destruction of all his test records and all tested substances after ten years and that he could not recreate his findings. Caine also stated that he had heard Sergeant Goeden was still in Indianapolis but he did not know for sure.

### Discussion

Wilson argues the evidence is insufficient to support a finding that his delay in seeking relief was unreasonable and that the State was prejudiced by the delay. In addressing these issues, we will not reweigh the evidence or judge the credibility of witnesses but will look only to the evidence most favorable to the judgment and affirm the trial court when there is probative evidence to support its decision. *Rose v. State* (1987), Ind.App., 513 N.E.2d 1243, 1246, citing *Perry v. State* (1987), Ind., 512 N.E.2d 841.

Furthermore,

[W]hile post-conviction relief is available at any time, the right to post-conviction relief may be waived directly or through implication. Laches is a doctrine which infers a legitimate waiver of

the right to challenge a judgment. 'Strictly speaking, waiver is the intentional relinquishment of a known right, claim, or privilege' [citation omitted]. For laches to bar relief, the State must prove by a preponderance of the evidence, first, that the petitioner unreasonably delayed in seeking relief and, second, that the State has been prejudiced by the delay [citations omitted]. Though we have sometimes said that the State must also show 'petitioner had knowledge of existing conditions and acquiesced in them ...' *Gipson v. State* (1985), Ind., 486 N.E.2d 992, 993, that is not really a separate, third requirement. Petitioner's knowledge and acquiescence is implicit in a finding of 'unreasonable delay under circumstances permitting diligence.' Unless a petitioner has knowledge of a defect in his conviction or of the means to seek relief from the conviction, he can seldom be said to have delayed unreasonably in seeking relief.

*Perry v. State* (1987), Ind., 512 N.E.2d 841, 843.

### Unreasonable Delay

■ The evidence is sufficient to support the post-conviction court's finding that Wilson's three year delay in instituting the instant petition was unreasonable. Wilson admitted he knew about post-conviction remedies in 1983, three years prior to time he filed this petition. Moreover, that he knew his grounds for relief existed is evidenced by the fact he filed a petition in 1983 seeking post-conviction relief. Further, Wilson testified he had been in contact with several public defenders after he had filed his 1983 petition.

The post-conviction relief court's finding of unreasonable delay is supported by evidence Wilson knew of the availability of post-conviction relief, previously filed another petition for post-conviction relief alleging defective advisements, and nevertheless waited three years before filing the instant petition. *Perry*, 512 N.E.2d at 844, citing *Cheney v. State* (1986), Ind.App., 488 N.E.2d 739; *Washington v. State* (1987),

Ind., 507 N.E.2d 239, 240, (two year delay unreasonable).

The post-conviction relief court did not err in concluding Wilson unreasonably delayed, under circumstances permitting diligence, in seeking post-conviction relief.

#### Prejudice to the State

Wilson argues the State failed to meet its burden of proving prejudice because it neither produced Officer Goeden to testify at his post-conviction relief hearing, nor established his unavailability.

 In meeting its burden of proving prejudice, the State must present evidence from which a reasonable inference of prejudice may be drawn. *Lacy v. State* (1986), Ind., 491 N.E.2d 520, 521. "The State must demonstrate why it would be impossible or extremely difficult at the time of the post-conviction proceeding to present the case in which petitioner pleaded guilty [citation omitted]. The inability to reconstruct a case against a petitioner is demonstrated by unavailable evidence such as destroyed records, ... or witnesses who have no independent recollection of the event [citation omitted]." *Taylor v. State* (1986), Ind. App., 492 N.E.2d 1091, 1093.

Here, the State's witnesses who testified stated they could not identify Wilson and did not remember him or the circumstances of his arrest. The contraband substance and the test results had been destroyed in due course. Wilson's memory had similarly faded as a result of the passage of fifteen years. Specifically, he did not remember Officer Goeden or his guilty plea attorney. This evidence of failed memories, coupled with the fifteen year lapse of time, reasonably supports the inference that had Officer Goeden been produced, he too would have been unable to reconstruct the events surrounding Wilson's 1971 conviction. Here, as in *Woods v. State* (1987), Ind.App., 506 N.E.2d 487, 488, the evidence reasonably supports the inference the passage of time has, in fact, eroded the State's ability to retry Wilson. "During such a period records are lost, memories dim, and the appearance of the defendant will likely change considerably." *Id.* at 488.

The post-conviction hearing court did not err in finding prejudice.

Judgment affirmed.

SULLIVAN and GARRARD, JJ., concur.