Scott SHELBURNE, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 25A03–8901–CR–21.

Court of Appeals of Indiana,
Third District.

July 3, 1989.

William F. Thoms, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Petitioner-appellant Scott Shelburne appeals a denial of post-conviction relief. The trial court entered the following:

"ORDER

The Court having petitioner's petition for Post Conviction Relief under advisement finds:

That by stipulation there is no record available of the guilty plea on December 2, 1977 ... and that the officers involved have no personal recollection of the facts in [the 1977 or 1980 cases]; that Defendant knew of his right to trial by jury in 1977; that Defendant knew of [sic] he could call witnessees in 1984; that Defendant knew the State had to prove him guilty beyond a reasonable doubt in 1984; that Defendant was represented by an

attorney at all times in [the 1977 and 1980 guilty pleas] and at other times; that Defendant had repeated confrontations with the criminal justice system and benefit of consultation with attorneys between 1977 and 1989; that Defendant has not shown that he would have done anything different if advised; and that Defendant has, over the years, failed or neglected to inquire, though many times placed in circumstances such as to put one on inquiry, and he had the means to ascertain the truth readily available. The Court concludes that Defendant is guilty of Laches and his Petitions for Post Conviction Relief are denied."

Appellant raises the following issues:

(1) whether the trial court erred in failing to make specific findings of fact and conclusions of law; and

(2) whether the trial court erred in denying post-conviction relief on the basis of laches.

■ Appellant raises the issue of the post-conviction court's failure to include specific findings of fact and conclusions of law in its order denying post-conviction relief but fails to present argument or citation in support. While Indiana Rules of Procedure for Post–Conviction Rule 1, § 6 provides "[t]he court shall make specific findings of fact, and conclusions of law on all issues presented," when the issues are sufficiently presented for review and addressed by the parties, the failure to enter specific findings of fact and conclusions of law is not reversible error. *Herman v. State* (1988), Ind., 526 N.E.2d 1183, 1184. While not labeled as findings of fact and conclusions of law, the order contains sufficient information to enable review on the merits.

Appellant argues that the trial court erred in denying post-conviction based on laches.

*Boykin v. Alabama* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 requires that a guilty plea conviction be vacated unless the record reveals that the defendant knew or was advised at the time of the plea that the right to a jury trial, right of confrontation and the right against self-incrimination

were being waived. *White v. State* (1986), Ind., 497 N.E.2d 893, 905.

Appellant entered a guilty plea to driving under the influence of alcohol in 1977. The record of the 1977 guilty plea hearing was not available and cannot be reconstructed.

Appellant entered a guilty plea to driving while intoxicated and public intoxication in 1980. The guilty plea hearing had the following exchange:

"COURT   Have you also gone over your constitutional rights with your attorney, and do you understand those rights? As far as your right to trial and right to appeal any decision made by this Court, do you understand all those rights?

DEFENDANT   Yes, I do.

COURT   Do you have any questions concerning your constitutional rights?

DEFENDANT   No."

■ Laches operates as an affirmative defense to a petition for post-conviction relief when the evidence shows that the petitioner unreasonably delayed seeking post-conviction relief and that the State has been prejudiced by the delay. The burden of proving laches rests entirely on the State, and it must be proven by a preponderance of the evidence. *Kindred v. State* (1987), Ind.App, 514 N.E.2d 314, 317.

Petitioner's knowledge and acquiescence is implicit in a finding of unreasonable delay under circumstances permitting diligence. Unless a petitioner has knowledge of a defect in the conviction or of the means to seek relief from the conviction, he can seldom be said to have delayed unreasonably in seeking relief. *Perry v. State* (1987), Ind., 512 N.E.2d 841, 843.

■ Inquiry notice alone is not sufficient to support a finding of unreasonable delay under circumstances permitting diligence. Knowledge may not be presumed from the occurrence of any particular event. The State is not required to supply direct proof of petitioner's knowledge. Circumstantial evidence is sufficient to show state of mind. Facts from which a reasonable finder of fact could infer petitioner's

knowledge may support a finding of laches. *Id.* at 844.

Repeated contacts with the criminal justice system, consultation with attorneys and incarceration in a penal institution with legal facilities are all facts from which the fact-finder may infer knowledge. The determination of sufficiency must be made by the trial court. If there is probative evidence to support its determination, the reviewing court will affirm the trial court's judgment. The court is not obligated to infer knowledge from any particular set of circumstances, nor is it bound to accept petitioner's assertions of ignorance. The State must present some objective facts from which the court may draw a reasonable inference of knowledge. *Id.* at 845.

The evidence presented to the trial court showed that appellant waited until 1988 to challenge guilty pleas entered in 1977 and 1980. Appellant had legal counsel at the 1977 and 1980 guilty pleas. Appellant had contacts with the criminal justice system in 1984 and 1987. Appellant consulted with attorneys concerning his rights before entering guilty pleas in 1984 and 1987. The trial court had sufficient facts to infer knowledge and support its determination that laches barred post-conviction relief.

Affirmed.

STATON, J., concurs;

SULLIVAN, J., dissents upon authority of *Perry v. State* (1987), Ind., 512 N.E.2d 841.