**Kyle E. KITT, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 35A02–8905–PC–219.

Court of Appeals of Indiana, Third District.

Feb. 13, 1990.

Thomas M. Hakes, Huntington, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant Kyle E. Kitt appeals a denial of post-conviction relief. On September 16, 1977, appellant paid a fine and court costs for a speeding ticket issued by an Andrews' police officer on September 10, 1977. Appellant filed for post-conviction relief on December 14, 1988. On January 10, 1989, the State answered with the affirmative defense of laches. On January 31, 1989, a post-conviction relief hearing was held. On February 9, 1989, the post-conviction court denied relief based on laches. Appellant contends the post-conviction court erred.

Ind. Post–Conviction Rule 1 provides a post-conviction remedy for "any person who has been convicted of or sentenced for a crime by a court of this state." IND. CODE § 35–41–1–6 (1988 Ed.) states that crime means a felony or a misdemeanor. Appellant's speeding violated IND.CODE § 9–4–1–57(b)(1) (1976 Ed.) which was classified as a misdemeanor in 1977 by IND. CODE § 9–4–1–127(a) (1976 Ed.). 1981 Ind. Acts P.L. 108 § 411(b) changed the classification of IND.CODE § 9–4–1–57 to an infraction. *See* IND.CODE § 9–4–1–127.1(b) (1988 Ed.). At the time of the 1977 speeding violation, appellant committed a misdemeanor, a crime subject to post-conviction relief.

Laches operates as an affirmative defense to a petition for post-conviction relief when the evidence shows that the petitioner unreasonably delayed seeking post-conviction relief and that the State has been prejudiced by the delay. The burden of proving laches rests entirely on the State, and it must be proven by a preponderance of the evidence. *Shelburne v. State* (1989), Ind.App., 540 N.E.2d 146, 147.

The only evidence that the State had been prejudiced by delay is the following testimony given by appellant on State's cross-examination at the post-conviction hearing:

"Q  Do you remember who was the arresting officer of you in the 1977 case?

A  I believe that was Andrews city policeman?

Q  Do you know his name?

A  Tom Turner, I believe.

Q  You still live in Andrews I think you indicated?

A  Yes, I do.

Q  Is Tom Turner still around?

A  I don't know.

Q  Have you seen Tom Turner in the last ten years?

A  No, I haven't looked for Tom.

Q  But Andrews is a reasonably small town?

A  Well yes.

Q  And you have lived there the last ten years?

A  That's right.

Q  You have not seen Tom Turner around?

A  No.

Q  You don't know of his whereabouts?

A  No. I haven't kept in contact with him.

Q  In terms of the manner in which you were arrested in that incident, do you know how your speed was determined?

A  Yes.  By radar gun.

Q  Okay.  Was there one in the or—?

A  Yes.

Q  Okay.  So it was built into the car?

A  Yes.  It set on the dashboard.

Q  Do you remember the car, the police car?  What kind it was?

A  I think it was a Chevy.

Q  But it, it would be, uh, a Chevy now twelve years old, or older?

A  Well, they don't even have it anymore, if that's what you mean."

The State failed to present sufficient evidence of how it was prejudiced by delay. It was not the duty of appellant to locate the prosecuting witness.  To demonstrate prejudice, the State could have shown that the prosecuting witness was unavailable to testify at the post-conviction relief hearing or if available, the prosecuting witness had no independent recollection of an eleven-year-old speeding ticket.  The post-conviction court erred in denying post-conviction relief based on the affirmative defense of laches.

Reversed.

STATON and SULLIVAN, JJ., concur.