**James H. HIGGASON, Appellant– Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 45A04–9307–PC–269.

Court of Appeals of Indiana, Third District.

March 31, 1994.

Rehearing Denied June 14, 1994.

Transfer Denied Aug. 18, 1994.

Susan K. Carpenter, Public Defender, Kathleen Littell, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant-petitioner James H. Higgason appeals the denial of his petition for post-conviction relief. Higgason presents one issue for review: whether the post-conviction court erred in denying Higgason's petition based upon the doctrine of laches.

The evidence relevant to the appeal discloses that in November 1972, Higgason pleaded guilty to a felony charge of theft in an incident regarding a snowmobile and trailer. Also, in November 1972, Higgason was sentenced to an indeterminate term of imprisonment of not less than one year nor more than five years. The prison term was suspended, and Higgason was placed on probation for three years. The probationary period was to begin after Higgason finished serving a one-year sentence in another case. In October 1975, Higgason's probation was revoked because he was convicted of second-degree murder in another case.

Higgason first learned of the right to file post-conviction petitions in 1979 or 1980 when he hired an attorney to file a post-conviction petition in another case. Higgason filed a post-conviction petition in yet another case in 1984. Higgason admitted that he had access to the law library at the Indiana State Prison when he arrived there in 1985. Other inmates assisted Higgason with post-conviction petitions.

In 1986, Higgason petitioned the court for transcripts in order to file a petition in the present cause. Higgason was motivated to file post-conviction proceedings in the present case when this conviction was placed at issue by an habitual offender allegation filed in a 1985 case. Higgason then waited until 1988 to file the petition in the present case.

At the post-conviction hearing, a former police officer testified that he had a vague recollection of a case involving a snowmobile, and he remembered that the incident happened at night. He could not remember anything else. The former officer did not recall Higgason and could not identify him at the hearing. Also, the former officer could not remember who his partner was but thought it was an officer who died in 1973.

Based upon the evidence adduced at the hearing, the post-conviction court denied Higgason's petition for relief on March 25, 1993. This appeal ensued.

■ Although post-conviction relief is available at any time, the right to such relief may be waived directly or through implication. Laches may act as a legitimate waiver of the right to challenge a judgment. *Perry v. State* (1987), Ind., 512 N.E.2d 841, 843.

■ The State must prove by a preponderance of the evidence that the petitioner unreasonably delayed in seeking relief and that the State has been prejudiced by the

delay in order for laches to bar relief. *Id.* Implicit is the requirement that the petitioner had knowledge of existing conditions and acquiesced in them. *Id.* Many factors can demonstrate petitioner's knowledge of post-conviction proceedings such as, "repeated contacts with the criminal justice system, consultation with attorneys and incarceration in a penal institution with legal facilities." *Id.* at 845. Further, the mere passage of time is not sufficient to constitute laches but may be a factor to consider. *Stewart v. State* (1990), Ind.App., 548 N.E.2d 1171, 1175.

Prejudice as to the State's ability to retry a petitioner does not require a showing of the impossibility to present any case at all. *Id.* at 1176. If a reasonable likelihood exists that a successful prosecution is materially diminished by the passage of time attributable to the petitioner's neglect, such may be deemed a sufficient demonstration of prejudice. *Id.*

Here, the evidence demonstrates that Higgason had frequent contact with the criminal justice system; he consulted with attorneys regarding post-conviction proceedings as early as 1979 or 1980; and he had access to legal facilities while incarcerated. Also, the former police officer who arrested Higgason, as he was driving a car pulling the trailer upon which the snowmobile was secured, could not remember or identify Higgason. The other officer who may have assisted in the investigation was deceased.

In short, because of Higgason's lengthy delay in instituting post-conviction proceedings after he was aware of such relief, the reasonable possibility of a successful prosecution of the cause was greatly reduced, notwithstanding the possibility raised by Higgason that some other witness may have seen him in possession of the snowmobile.

The State adequately met its burden of demonstrating an unreasonable delay and resulting prejudice. Accordingly, the post-conviction court properly determined that the petition should be denied based upon laches.

Affirmed.

FRIEDLANDER and NAJAM, JJ., concur.