**Philip McCOLLUM, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 79A05–9509–PC–361.

Court of Appeals of Indiana.

Oct. 8, 1996.

For rehearing opinion, see 1997 WL 38136.

---

Susan K. Carpenter, Public Defender of Indiana, Hope Fey, Deputy Public Defender, Indianapolis, for Appellant–Defendant.

Pamela Carter, Attorney General of Indiana, Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

BARTEAU, Judge.

On August 23, 1979, Philip McCollum was convicted following a jury trial of battery with a deadly weapon, a Class C felony. On October 13, 1988, the conviction was used to support a finding that McCollum was a habitual offender. McCollum filed a Petition for Post–Conviction Relief on July 8, 1991. McCollum appeals the post-conviction court's denial of relief, and raises the following issues:

1. Whether the post conviction court erred in finding that post-conviction relief was barred by laches?

2. Whether the post conviction court erred in finding that the trial court's failure to instruct the jury on the definition of "recklessly" was not fundamental error?

3. Whether the post conviction court erred in finding that the trial court's instruction on lesser included offenses did not shift the burden of proof and did not misstate the law?

4. Whether the post conviction court erred in finding that McCollum was not denied effective assistance of trial or appellate counsel?

## FACTS

In February of 1979, McCollum was involved in a fight outside a tavern. McCollum hit William Brown, and Brown began bleeding. Brown then yelled that he had been stabbed, and pointed out McCollum as the man who had stabbed him. McCollum ran off, but Brown chased McCollum and continued the fight. Police officers eventually broke up the fight. Several people were congregated outside the tavern during the fight. A bystander who had not witnessed the fight found a knife in a snow-bank and turned it over to the police. The knife had only a partial fingerprint on it, which was not sufficient to make an identification. The knife was not tested for blood.

## STANDARD OF REVIEW

Under the rules of post-conviction relief, the petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5; *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind.1993), *reh'g denied*. To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the trial court. *Id.*

## LACHES

The State is required to prove the defense of laches by a preponderance of the evidence. *Twyman v. State*, 459 N.E.2d 705, 711 (Ind.1984). To prove laches, the State must show that the petitioner unreasonably delayed in seeking relief and that the State has been prejudiced by the delay. *Holland v. State*, 609 N.E.2d 429, 430–31 (Ind.Ct.App. 1993) (quoting *Perry v. State*, 512 N.E.2d 841, 843 (Ind.1987), *reh'g denied*). McCollum argues that the evidence was insufficient to support the findings of unreasonable delay and prejudice. He also argues that the finding of laches violates due process of law under the United States Constitution. We hold that the post-conviction court's finding of laches was proper.

### A. Unreasonable Delay

A petitioner can seldom be found to have unreasonably delayed unless he has

knowledge of a defect in his conviction. *Id.* at 431. A finding of knowledge and acquiescence is implicit in a finding of unreasonable delay. *Perry*, 512 N.E.2d at 843. "Facts from which a reasonable finder of fact could infer petitioner's knowledge may support a finding of laches." *Id.* at 844. "Repeated contacts with the criminal justice system, consultation with attorneys and incarceration in a penal institution with legal facilities are all facts from which the fact finder may infer knowledge." *Id.* at 845.

McCollum argues that the court cannot infer knowledge from his contacts with the criminal justice system, his consultation with attorneys, and his incarceration because his petition is based upon errors that arose at a trial and were unique to the trial. He argues that his situation is unlike a challenge of a guilty plea, for which the court can infer knowledge from a petitioner's contacts with the criminal justice system involving other properly entered guilty pleas. McCollum also asserts that his contacts were only brief experiences with the law that are insufficient to support a finding of laches.

■ Contrary to McCollum's assertion, contacts with the criminal justice system and attorneys need not be based upon the same type of proceeding in order to infer that the petitioner gained knowledge of a defect in the challenged proceeding. A court can infer knowledge of the defect and the means to challenge it from contacts that indicate the petitioner was in a position to learn about seeking relief from the challenged proceeding. *Nine v. State*, 484 N.E.2d 614, 616 (Ind.Ct.App.1985) (holding that evidence that the petitioner was represented by counsel at guilty plea, filed petition to modify sentence in 1980, and was represented by counsel when probation was revoked in 1981 was sufficient to prove five year delay unreasonable), *reh'g denied, trans. denied* (1986). *See also Pinkston v. State*, 479 N.E.2d 79 (Ind. Ct.App.1985) (holding that evidence that petitioner had advice of at least seven attorneys over a period of ten years, gave appellate counsel copies of legal memoranda, wrote letters for other inmates regarding legal matters, and had extensive contact with the criminal justice system was sufficient to support a finding of laches), *reh'g denied, trans. denied.*

■ The evidence disclosed that McCollum was convicted of battery with a deadly weapon by a jury in August of 1979. McCollum's counsel filed a Motion to Correct Errors which was denied following a hearing. McCollum appealed, and this Court affirmed his conviction in December of 1980. Two different attorneys appeared as McCollum's appellate counsel. On April 9, 1981, yet another attorney appeared on McCollum's behalf, and filed a Petition for Shock Probation, which was granted following a hearing. McCollum spent approximately one year in the Indiana State Prison and had access to a law library. Further, in 1988 McCollum filed a petition for post-conviction relief attacking a 1971 theft conviction.

■ These continuous consultations with attorneys regarding the challenged conviction, and McCollum's access to a law library while incarcerated, are sufficient evidence from which to infer that McCollum had knowledge of the defects and the means to challenge the conviction, despite McCollum's testimony that he did not use the law library and had no knowledge. The fact that McCollum filed a petition for post-conviction relief in 1988 challenging a 1971 theft conviction is further evidence that McCollum did in fact have knowledge of the means to challenge his battery conviction. We will not reweigh the evidence or determine the credibility of the witnesses. *Grey v. State*, 553 N.E.2d 1196, 1197 (Ind.1990), *reh'g denied.* The evidence was sufficient to support a finding that McCollum's twelve year delay was unreasonable.

### B. Prejudice

■ The State must show prejudice by proving that it would be extremely difficult or impossible to present a case against the petitioner at the time of the post-conviction hearing. *Moser v. State*, 562 N.E.2d 1318, 1320 (Ind.Ct.App.1990) (citing *Wilson v. State*, 519 N.E.2d 179 (Ind.Ct.App.1988), *trans. denied* ). "The inability to reconstruct a case against a petitioner is demonstrated by unavailable evidence such as destroyed

records, deceased witnesses, or witnesses who have no independent recollection of the event." *Taylor v. State*, 492 N.E.2d 1091, 1093 (Ind.Ct.App.1986) (citing *Harrington v. State*, 466 N.E.2d 1379 (Ind.Ct.App.1984)). "The State has an obligation to use due diligence in its investigation of the availability of evidence and witnesses." *Holland*, 609 N.E.2d at 431.

■ McCollum argues that the State did not show that it would be extremely difficult or impossible to try McCollum at the time of the post-conviction hearing. Further, McCollum asserts that he admitted at the first trial that he had hit Brown, and therefore his admission could be used for identification at a new trial.[1] The State argues that it is prejudiced because two of the witnesses who testified at trial could not identify McCollum at the post-conviction hearing, and because Officer Kimbrell, the investigating officer, had moved out of the United States. The State also asserts that Officer Jarrard, who was a patron of the bar that evening, was unable to recall the details of the event.

The evidence showed that Brown could not identify McCollum as the person who stabbed him. R. 501–02. The only witness who could identify McCollum as the person involved in the fight was Officer Jarrard, who did not actually see the fight, but remembered that others had identified McCollum immediately after the stabbing. Officer Jarrard had reviewed his police report prior to the hearing, but was unable to clearly remember the events of the evening; he indicated that the report had been placed on microfilm and was illegible. R. 531–33. Further, Officer Jarrard testified that he was unable to locate Jeff Long, the witness who had found the knife in the snow near the area where the fight had occurred. This evidence of faded memories[2] and missing witnesses is sufficient to show that the State was prejudiced by McCollum's twelve year delay.[3] The State is not required to retry the case using transcripts because such evidence is not nearly as effective as the original live witnesses and materially diminishes the State's ability to present a case. *Kindred v. State*, 514 N.E.2d 314, 318 (Ind.Ct.App.1987), *reh'g denied, trans. denied* (1988). Also, McCollum's admission that he hit Brown would be of little assistance in a prosecution for battery with a deadly weapon when McCollum denies use of a deadly weapon and other witnesses cannot identify as McCollum as the person who committed the stabbing.

1. McCollum also argues that the State did not use due diligence in its investigation of the availability of witnesses and evidence because it did not determine if Officer Kimbrell could return for trial. The evidence shows that Officer Kimbrell returns to the United States less than once a year, and cannot be contacted by phone. Further, the evidence shows that the only witness that the State was unable to locate was Jeff Long. We feel that the State displayed due diligence in its investigation.

2. McCollum mistakenly relies on *Moser*, 562 N.E.2d at 1320, for his argument that the evidence of faded memories is insufficient because the State did not attempt to refresh the witnesses memories. *Moser* does not require that the State attempt to refresh the witnesses memories, but merely observes that the witnesses were unable to remember the facts of the case despite such attempts. Further, the evidence in McCollum's case shows that Officer Jarrard had, in fact, reviewed his police report but found it to be illegible. The witnesses also indicated that they would not be able to identify McCollum even if attempts had been made to refresh their memories. The evidence was sufficient to show that the State was prejudiced by fading memories.

3. McCollum mistakenly relies on *Tredway v. Farley*, 35 F.3d 288 (7th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 941, 130 L.Ed.2d 885 (1995), for the proposition that the laches determination begins from the time that the petitioner's conviction has been used for enhancement. *Tredway* does not discuss the defense of laches, but merely determines whether such a state procedural defense should be considered to be an independent and adequate state ground by which to deny federal habeas corpus review. McCollum cites no authority for his argument other than *Tredway*, therefore, we reject his contention. The State was not required to prove unreasonable delay and prejudice after the enhancement. Further, we note that a rule requiring the laches determination to begin at the time that the conviction is used for enhancement would lead to unjust results; a petitioner whose claims would be barred by laches before the conviction is used for enhancement could delay his post-conviction challenge until after enhancement, despite his knowledge of the defect, and would gain the advantage of having the laches determination begin anew as of the date of the enhancement.

## C. Due Process

McCollum asserts that a finding of laches violates due process under the Fourteenth Amendment to the United States Constitution. He cites *Tredway v. Farley* for the proposition that a post-conviction petitioner must receive an opportunity for full and fair review of federal claims after a conviction has been used to enhance a sentence. 35 F.3d 288, 295 (7th Cir.1994), *cert. denied,* — U.S. ——, 115 S.Ct. 941, 130 L.Ed.2d 885 (1995). *Tredway* holds that the petitioner must have the "informed incentive" to collaterally challenge his conviction before his claims can be barred due to a lack of diligence in asserting his rights. *Id.* at 294 (quoting *Smith v. Farley,* 25 F.3d 1363, 1368 (7th Cir.1994), *cert. denied,* — U.S. ——, 115 S.Ct. 908, 130 L.Ed.2d 791 (1995)).[4]

The issue presented in *Tredway* was whether a petitioner is entitled to federal habeas corpus review after he has already been denied review by a state procedural bar, and it did not specifically address laches. *Tredway* does not determine whether the state procedural bar violates due process, but merely provides that the petitioner has a right to federal review of his claims if they are barred by a state procedural rule without giving the petitioner an opportunity for review of his federal claims on the merits, therefore, we find *Tredway* inapposite.[5]

Assuming, arguendo, that *Tredway* does apply to McCollum, he is still not entitled to relief. In *Tredway,* the petitioner pleaded guilty to theft and later challenged the guilty plea in a petition for post-conviction relief, which was denied on the same day it was filed. Tredway failed to appeal the denial of post conviction relief until two years after he received an enhanced sentence based on the theft conviction. The Indiana court denied Tredway's petition to file a belated praecipe for appeal of the denial of post-conviction relief. In order to be entitled to file a belated praecipe challenging a denial of post-conviction relief Tredway had to show that: "(a) the failure to file a timely praecipe was not due to the default of the defendant; and (b) the defendant has been diligent in requesting permission to file a belated praecipe...." *Id.* at 291 (citing Ind. Post–Conviction Rule 2(1)). The federal court affirmed the dismissal of Tredway's petition for a writ of habeas corpus challenging the Indiana court's decision to deny a belated appeal, because the Indiana court stated that the petition was barred because Tredway had waited two years after his sentence before filing his petition. The federal court stated that a petitioner does not have an absolute right to a full and fair post-enhancement review of the merits of his federal claims, but must merely receive an *opportunity* for such review, and the Indiana rule provided Tredway with such an opportunity. *Id.* at 295 (emphasis added).

Like *Tredway,* McCollum delayed filing his petition for post-conviction relief for three years after he received the enhanced sentence. Because we have determined that the post-conviction court properly inferred McCollum's knowledge of the defects prior to the use of the conviction for enhancement, this further delay for three years after the enhancement was unreasonable. McCollum had the informed incentive to challenge his conviction in October of 1988, when he received an enhanced sentence as a habitual offender, yet he delayed filing his petition until July 8, 1991.[6] McCollum had an oppor-

---

**4.** We note that the *Smith* decision on which *Tredway* relies based its "informed incentive" rationale on situations involving guilty pleas, and the need to provide review in order to avoid discouraging such plea bargaining. McCollum's case does not involve a guilty plea. Also, the *Smith* court recognized that the petitioner's right to review after enhancement was subject to existing grounds for denying relief, including delay. *Smith,* 25 F.3d at 1367 n. 8, 1369 n. 11.

**5.** We also feel that *Tredway* addresses situations in which a petitioner's opportunity for post-enhancement review is completely barred by proce-

dural rules that are based upon the passage of time. Because post-conviction relief is available at any time, a petitioner has an opportunity to challenge his conviction after it is used for enhancement, however, this opportunity is subject to the defense of laches.

**6.** The evidence shows that McCollum could be considered to have had the informed incentive to challenge his conviction as early as May 7, 1987, when the State notified McCollum that it was seeking to have him found to be a habitual offender.

tunity for a full and fair review of the merits of his claims which he waived by his unreasonable delay. The finding of laches does not violate due process.

Because the finding of laches was proper McCollum's other assertions of error are barred and we do not address them. *Wilburn v. State,* 499 N.E.2d 1173, 1175–76 (Ind. Ct.App.1986) (citing *Lacy v. State,* 491 N.E.2d 520 (Ind.1986); *Cheney v. State,* 488 N.E.2d 739 (Ind.Ct.App.1986); *Badelle v. State,* 487 N.E.2d 844 (Ind.Ct.App.1986); *Morrison v. State,* 466 N.E.2d 783 (Ind.Ct. App.1984)), *trans. denied* (1987). The judgment of the post-conviction court is affirmed.

SHARPNACK, C.J., and SULLIVAN, J., concur.