# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 20 2015, 8:24 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Orlando D. Lynch
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Orlando D. Lynch,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent* | November 20, 2015<br><br>Court of Appeals Case No.<br>45A03-1506-CR-580<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Samuel L. Cappas, Judge<br><br>Trial Court Cause No.<br>45G04-9205-CF-117 |

**Baker, Judge.**

[1]     On March 2, 1994, a jury convicted Orlando Lynch of two counts of murder and one count of attempted murder. The trial court sentenced him to two forty-year terms of incarceration for the two murders, to be served consecutively, and another twenty-year term of incarceration for the attempted murder, to be served concurrently. He appealed on the grounds of prosecutorial misconduct, but this Court ruled against him and affirmed his sentence in a memorandum decision. *Lynch v. State*, No. 45A03-9408-CR-302 (Ind. Ct. App. May 15, 1995). Our Supreme Court denied transfer. On April 27, 1998, Lynch filed a petition for post-conviction relief, which the trial court denied on August 25, 1998, based on the doctrine of laches.[1] This Court affirmed that denial in another memorandum decision, *Lynch v. State*, 45A04-9810-PC-482 (Ind. Ct. App. May 24, 1999). Again, our Supreme Court denied transfer. From 2003 to 2015, Lynch filed five more requests for post-conviction relief, all of which were denied by this Court.

[2]     Lynch's current appeal stems from a Motion to Correct Erroneous Sentence, which he filed on May 12, 2015. He argued that his sentence was "facially erroneous," alleging that his two murder sentences should have run concurrently, not consecutively. App. p. 16-17. The trial court denied this motion on the grounds that "a motion for correction of erroneous sentence may only be used to attack a sentence that is invalid on its face. The sentence in this case is not erroneous on its face." *Id.* at 15. Lynch now appeals.

---

[1] Laches is neglect for an unreasonable length of time, under circumstances permitting diligence, to do what in law should have been done. *Perry v. State*, 512 N.E.2d 841, 842 (Ind. 1987).

In *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004), our Supreme Court held:

> a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence. . . . As to sentencing claims not facially apparent, the motion to correct sentence is an improper remedy. Such claims may be raised only on direct appeal and, where appropriate, by post-conviction proceedings.

Lynch points to *Hansford v. State* for the proposition that where a trial court has not found aggravating circumstances, concurrent sentences are required. 490 N.E.2d 1083 (Ind. 1986). He also claims that the trial court did not find any aggravating circumstances. Whatever the merits of this argument, Lynch is alleging the opposite of a facial defect; he is making a "[c]laim[] that require[s] consideration of the proceedings before, during or after trial. . . ." *Robinson*, 805 N.E.2d at 787. His sentence is not facially defective—two consecutive forty-year sentences is a facially valid sentence for two murders. I.C. § 35-50-1-2(a); I.C. § 35-50-2-3.

Although the alternative avenue to bring such a claim might be in a post-conviction proceeding, Lynch has waived this possibility by not bringing his claim on direct appeal. As *Robinson* stated, "[s]uch claims may be raised only on direct appeal and, *where appropriate*, by post-conviction proceedings." 805 N.E.2d at 787 (emphasis added). "The purpose of the post-conviction relief process is to raise issues not known at the time of the original trial and appeal or

for some reason not available to the defendant at that time." *Schiro v. State*, 533 N.E.2d 1201, 1204 (Ind. 1989). "It has long been held that claims available on direct appeal but not presented are not available for post-conviction review." *Bunch v. State*, 778 N.E.2d 1285, 1289 (Ind. 2004).

[6] Assuming for the sake of argument that Lynch's argument regarding consecutive sentences is correct, there is no apparent reason why he could not have brought that argument on direct appeal. Both he and his attorney were present at his trial and at his sentencing hearing. The case he is relying upon was decided several years before his direct appeal. But instead of directly appealing the consecutive nature of his sentences, he appealed only what he saw as prosecutorial misconduct and ineffective assistance of counsel for his attorney's failure to object to that conduct.

[7] In sum, Lynch's motion was properly denied because his sentence is not facially defective. Moreover, the substance of his claim cannot be brought in a post-conviction relief petition because he failed to bring it on direct appeal.

[8] The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.