**Thomas A. MOSER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee.**

No. 35A02–8908–PC–395.

Court of Appeals of Indiana, Second District.

Nov. 28, 1990.

John W. Bailey, Huntington, for appellant.

Linley E. Pearson, Atty. Gen., Jane A. Morrison, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Thomas Moser (Moser) presents a consolidated appeal challenging the denial of three petitions for post-conviction relief.

We affirm.

On August 2, 1976, Moser pled guilty to reckless driving. On June 28, 1978, he pled guilty to driving while intoxicated, and on October 1, 1979, he pled guilty to reckless driving. Moser was represented by counsel in each proceeding, and all three guilty pleas were entered pursuant to plea bargains. Moser was fined and received suspended sentences in all three cases. In the 1978 case, the court also suspended Moser's license. However, Moser successfully petitioned for a restricted license in June, 1978.

On October 27, 1988, Moser filed three petitions for post-conviction relief individually challenging these convictions on the basis that the guilty pleas were not knowingly, intelligently and voluntarily made be-cause he was not adequately advised of his rights at the time of pleading guilty. A hearing was held on the petitions, and the State stipulated that the advisements given at all three guilty plea hearings were inadequate, but argued that laches was a defense and presented evidence in support thereof. The court denied Moser's petitions on the basis of laches.

Moser presents two issues on appeal, which we restate as follows:

1. Whether the evidence was sufficient to support the court's determination that laches barred his petitions;

2. Whether the court erred in taking judicial notice of Moser's arraignment proceedings in the 1979 case.

I.

Moser argues that the State failed to meet its burden of proving laches. Laches is an affirmative defense which the State must prove by a preponderance of the evidence. *Twyman v. State* (1984) Ind., 459 N.E.2d 705. To prevail, the State must prove that the petitioner unreasonably delayed in seeking post-conviction relief and that the State has been prejudiced by the delay. *Perry v. State* (1987) Ind., 512 N.E.2d 841; *Twyman, supra; Stewart v. State* (1990) 2d Dist.Ind.App., 548 N.E.2d 1171. A petitioner's knowledge of conditions which render his conviction defective or of the means to seek relief from the conviction is generally implicit in a finding of unreasonable delay. *Perry, supra,* 512 N.E.2d at 843.

Moser argues that the State failed to prove knowing acquiescence leading to an unreasonable delay. However, knowledge may be inferred from a variety of factors. In *Perry,* our Supreme Court held:

"Repeated contacts with the criminal justice system, consultation with attorneys and incarceration in a penal institution with legal facilities are all facts from which the fact finder may infer knowledge." *Perry,* 512 N.E.2d at 845.

Moser highlights the fact that he did not spend time in a penal institution. How-

ever, Moser's three underlying guilty pleas indicate that he has had repeated contacts with the criminal justice system. In addition, he was represented by counsel during all three proceedings, and he was sufficiently cognizant of his legal remedies to petition for a restricted driver's license in 1978. Nevertheless, he delayed nearly ten years in challenging the most recent of his guilty pleas. These factors justify an inference that Moser knowingly acquiesced in the delay and that in light of the circumstances, it was unreasonable. *See Nine v. State* (1985) 4th Dist.Ind.App., 484 N.E.2d 614, *trans. denied, cited with approval in Perry, supra,* 512 N.E.2d at 845.

■ Moser also argues that the State failed to show that it was prejudiced by the delay. The State may prove prejudice by showing that it would be extremely difficult or impossible at the time of the post-conviction hearing to present the case in which the petitioner pled guilty. *Wilson v. State* (1988) 2d Dist.Ind.App., 519 N.E.2d 179, *trans. denied.*

> "The inability to reconstruct a case against a petitioner is demonstrated by unavailable evidence such as destroyed records, ... or witnesses who have no independent recollection of the event." *Id.* at 182, *quoting Taylor v. State* (1986) 4th Dist.Ind.App., 492 N.E.2d 1091, 1093.

At the post-conviction hearing, the State called the arresting officers involved in each case as well as other witnesses who either performed the breathalyzer tests in each case or assisted the arresting officers. None of the witnesses had independent recollections of the arrests or breathalyzer tests despite attempts to refresh their memories with the police reports prepared at the time of arrest. Some of the witnesses could no longer positively identify Moser as the person who was arrested on the dates indicated on the police reports. This evidence sufficiently supports the inference that the cases against Moser, after delays of between ten and thirteen years, would be extremely difficult to try and that the State has been prejudiced by the delay. *See Perry, supra,* 512 N.E.2d at 846, n. 3.

## II.

Moser also argues that the post-conviction court erred by taking judicial notice of the transcript of the arraignment in Moser's 1979 arrest. In its findings, the court stated:

> "9. This Court taking judicial notice of the arraignment between the Defendant and the Court (transcript attached), finds that on May 23, 1979, Defendant was thoroughly advised by Judge Vandergrift of: (1) His right to counsel, (2) right to a public and speedy trial by jury, (3) right to confront and cross-examine witnesses against him, (4) right to compulsory process, (5) right to require the State prove beyond a reasonable doubt defense is [sic] charged, (6) his right to remain silent. Defendant indicated that he understood each of the above rights. As part of the above hearing, Defendant also filed a written waiver of his rights to a jury trial (H.I.) The waiver was signed by the Defendant, his attorney, the Prosecutor, and Judge Vandergrift." Record at 37, 78, 167.

■ Moser argues that the court erred in noticing this portion of the transcript because neither party requested the court to do so. Generally, a court may not take judicial notice of prior proceedings even on a related subject with related parties. *Hutchinson v. State* (1985) Ind., 477 N.E.2d 850. The State directs our attention to *Smith v. State* (1977) 266 Ind. 633, 366 N.E.2d 170. In that case, our Supreme Court held that, although the post-conviction court may not judicially notice the transcript of evidence in the original trial, the court may notice the record of proceedings in the original prosecution. However, the *Smith* case was based on Ind.Code 35–10–2–2 which provided for judicial notice of pleadings and court records and proceedings. That statute was repealed by Acts 1983, P.L. 311–1983, sec. 49. *See Ray v. State* (1986) 4th Dist.Ind.App., 496 N.E.2d 93, 95, n. 3, *trans. denied.* Therefore, the *Smith* decision is no longer au-

thority for the position taken by the State in this case.

Our Supreme Court has held that certain situations present an exception to the general rule that a court may not take judicial notice of prior proceedings even on related cases. *State v. Hicks* (1988) Ind., 525 N.E.2d 316. The particular situation justifying such action apparently depends upon the procedural developments in each case. In the *Hicks* case, the court held that

> "the trial judge was thoroughly justified in taking judicial notice of the proceedings which had in fact occurred in his court, which by a more extravagant use of judicial time would have led to the same result." *Id.* at 318.

Although we recognize that it is common practice to keep post-conviction proceedings filed under the same cause number as the original action, post-conviction proceedings are separate from the original proceedings and are civil in nature. Therefore, under the general rule, the post-conviction court may not take judicial notice of the original proceedings absent an exceptional situation. If the law with respect to this is to be clarified or changed, the change must come from our Supreme Court.

The facts of the present case do not present an exceptional situation such that the court could permissibly take judicial notice of Moser's 1979 arraignment. However, the error of the court in this regard is harmless because the court concluded that the State successfully presented a laches defense on all the underlying convictions, including the 1979 conviction. Because we have already determined that the court was warranted in so concluding, we do not find the error with respect to judicial notice to be cause for reversal.

The judgment of the court denying post-conviction relief in all three cases is affirmed.

BUCHANAN and ROBERTSON, JJ., concur.