**Phillip L. McCOLLUM, Appellant
(Petitioner Below),**

v.

**STATE of Indiana, Appellee
(Respondent Below).**

**No. 79A02–9004–PC–220.**

Court of Appeals of Indiana,
Second District.

April 18, 1991.

---

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Ian A.T. McLean, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Phillip L. McCollum appeals the denial of his petition for post-conviction relief.

We affirm.

### ISSUES

1. Whether the post-conviction court erred in finding McCollum's petition was barred by the doctrine of laches.

2. Whether application of the doctrine of laches violates McCollum's due process right to challenge the validity of a conviction.

### FACTS

On January 8, 1971 McCollum pled guilty to theft and was sentenced to a suspended term of one year. The conviction was later used to support a 1988 habitual offender determination. On January 23, 1989 McCollum filed a petition for post-conviction relief alleging his plea was not know-

ing, voluntary and intelligent.[1] The post-conviction court denied McCollum's petition finding him guilty of laches. He appeals.

## DISCUSSION

### I.

■ McCollum argues the post-conviction court erred in finding his claim was barred by the doctrine of laches. In determining whether the evidence is sufficient to support a finding of laches we treat the issue as any other sufficiency question. We will not reweigh the evidence or judge the credibility of witnesses. We will consider only the evidence most favorable to the judgment, together with all reasonable inferences flowing therefrom. If there is probative evidence which supports the post-conviction court's judgment it will be affirmed. *Wilburn v. State* (1986), Ind.App., 499 N.E.2d 1173. To prevail on a claim of laches the State has the burden of proving, by a preponderance of the evidence, the petitioner unreasonably delayed pursuing his or her post-conviction remedies and, as a result of the delay, the State suffered prejudice in its ability to reprosecute the offense. *Washington v. State* (1987), Ind., 507 N.E.2d 239.

### A.

■ Implicit in the State's burden of proving unreasonable delay by the petitioner is proof of petitioner's knowledge of, and acquiescence in, the defect in his or her guilty plea and the means of relief. However, the State is not required to supply direct proof of the petitioner's knowledge. As our supreme court stated in *Perry v. State* (1987), Ind., 512 N.E.2d 841:

Knowledge may not be presumed from the occurrence of any particular event. Nonetheless, we do not require the State to supply direct proof of petitioner's knowledge. Circumstantial evidence is sufficient to show state of mind. Facts from which a reasonable finder of fact could infer petitioner's knowledge may

support a finding of laches. *See, e.g. Lacy* [*v. State* (1986), Ind.], 491 N.E.2d [520,] 521 (ten year delay unreasonable where petitioner knew of grounds for appeal six years prior to filing petition); ...

\* \* \* \* \* \*

Repeated contacts with the criminal justice system, consultation with attorneys and incarceration in a penal institution with legal facilities are all facts from which the fact finder may infer knowledge.

*Perry* at 844–45.

■ Such evidence exists in the instant case, i.e., of McCollum's repeated contacts with the criminal justice system, his multiple consultations with attorneys, and his incarceration in a penal institution with legal facilities. After the instant theft conviction, McCollum was convicted on two separate occasions of operating a vehicle while intoxicated and sustained a conviction for battery with a deadly weapon which he appealed. He was represented by counsel on each of these convictions. The record of McCollum's battery conviction recites he received a four year sentence although McCollum testified at his post-conviction hearing that he has served only one year in prison. Also, McCollum was advised in May of 1987, over a year and one-half before he filed the instant petition, of the State's intent to file an habitual offender charge against him.

There is additional evidence which reasonably supports the inference of McCollum's knowledge. One of McCollum's operating convictions resulted from his guilty plea. The guilty plea record recites "the Court advises the defendant of his rights and the nature of the charges herein. The defendant being so advised now enters a plea of Guilty to the charge...." Record at 146. While the recitation in the record is insufficient to overcome a "silent record—*Boykin* challenge," it reasonably supports

---

1. McCollum argues his plea was invalid because the trial court failed to advise him he waived his right against self-incrimination and right of confrontation by pleading guilty. *Boykin v. Ala-* bama (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *White v. State* (1986), Ind., 497 N.E.2d 893.

the inference McCollum was properly advised for purposes of inferring McCollum's knowledge of the defect in his guilty plea and of the means of relief.

The evidence is sufficient to support the post-conviction court's determination McCollum unreasonably delayed in attacking his 1971 conviction.

### B.

▮▮▮ The State may prove prejudice by showing it would be extremely difficult or impossible at the time of the post-conviction hearing to reprosecute the charge to which McCollum pled guilty. "The inability to reconstruct a case against a petitioner is demonstrated by unavailable evidence such as destroyed records, ... or witnesses who have no independent recollection of the event." *Moser v. State* (1990), Ind. App., 562 N.E.2d 1318, 1320 (citing *Wilson v. State* (1988), Ind.App., 519 N.E.2d 179, 182).

The office manager of the Tippecanoe County Prosecutor's Office testified the prosecutor's file on McCollum's case no longer existed; all files before 1975 were destroyed.[2]

A police officer who investigated McCollum's case testified he had only the memory refreshed from reading police reports. Another investigating officer apparently had moved to Illinois. A third police officer, assigned on the morning of the instant hearing to investigate matters relative to the State's ability to reprosecute, testified she was informed the victim of the theft had died. She also testified that, although she had had limited time to try and locate the eyewitnesses to the theft, there was little more she could do without information that was unavailable such as the witnesses' social security numbers and/or dates of birth.

McCollum argues the State failed to use reasonable diligence in locating his file, the

victim, and witnesses and that a last minute, two hour, half-hearted search is insufficient to support the State's claim of prejudice, citing *Washington v. State* (1987), Ind., 507 N.E.2d 239 (a two-day investigation by an intern at the prosecutor's office in which there was no contact with the defendant or investigating police officers and little or no attempt to locate the victim or witnesses was held insufficient). *See also Lacy v. State* (1986), Ind., 491 N.E.2d 520 (holding no prejudice shown where State presented testimony that records more than ten years old were destroyed but no determination whether the defendant's file existed, no attempt to locate witnesses beyond looking in the phone directory and no evidence regarding the availability or recollection of the investigating officers or the existence or content of the police investigative file) and *Corder v. State* (1987), Ind.App., 516 N.E.2d 71 (State presented no evidence on the subject of prejudice other than unsupported speculation the evidence had probably been destroyed).

Here, the police officers had no first hand knowledge; McCollum did not confess; without the testimony of the eyewitnesses identifying McCollum and the testimony of the victim relating the missing property prosecution is impossible. Although the laches investigation for the eyewitnesses began on the morning of the post-conviction hearing, there is evidence additional efforts to locate the eyewitnesses would not be availing and that the victim is deceased.

The evidence is sufficient to support the post-conviction court's finding the case against McCollum, after a delay of eighteen years, would be difficult to try, i.e., the State has been prejudiced by the delay.

### II.

▮▮▮ McCollum argues application of the equitable doctrine of laches to bar post-conviction relief proceedings violates his con-

---

**2.** McCollum failed to present authority for his claim the State was required to present when and how the records were destroyed. The argument has no merit. *See Cheney v. State* (1986), Ind.App., 488 N.E.2d 739 (holding sufficient the prosecutor's secretary's testimony her search of

the files had revealed nothing). McCollum also suggests a malevolent intent should be inferred from the State's intentional destruction of his file. We disagree. Legitimate reasons exist for the destruction of "old" files.

stitutional right to due process and effectively prevents him from challenging the conviction used to increase an unrelated penalty.[3] This argument has twice been rejected by this court. *See Wilburn v. State* (1986), Ind.App., 499 N.E.2d 1173; *Cheney v. State* (1986), Ind.App., 488 N.E.2d 739.

The post-conviction court did not err in denying McCollum relief.[4]

Judgment affirmed.

SULLIVAN and HOFFMAN, JJ., concur.

---

**3.** McCollum cites *Oyler v. Boles* (1962), 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 for the proposition a defendant is guaranteed the right to challenge those convictions which have been used in recidivist proceedings.

**4.** Because we find the post-conviction court properly found McCollum guilty of laches we cannot address his post-conviction claim his plea was not knowing, voluntary and intelligent.