Larry W. CLAY, Appellant–Petitioner,

v.

STATE of Indiana,
Appellee–Respondent.

No. 53A04–9010–PC–473.

Court of Appeals of Indiana,
Fourth District.

June 19, 1991.

Susan K. Carpenter, Public Defender, Novella L. Nedeff, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Ian A. T. McLean, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-respondent.

CONOVER, Judge.

Petitioner–Appellant Larry W. Clay appeals the Monroe Superior Court Division Four's denial of his petition for post-conviction relief.

We affirm.

This appeal presents the following issues

1. whether a plea bargain's language discussing the "possibility" of work release misled Clay into pleading guilty when there was, in fact, no such possibility, and

2. whether his counsel's failure to determine there was, in fact, no possibility of his obtaining work release constitutes ineffective assistance of counsel.

Clay was arrested and charged in Monroe Superior Court with Driving While Suspended (DWS). At that time a felony charge of receiving stolen property was pending against him in Monroe Circuit Court. Clay pled guilty to the receiving stolen property charge in the circuit court.

Several weeks prior to entering his plea on the driving while suspended charge, a pre-sentence investigator on Clay's felony charge told him he would not be eligible for Monroe County job release, and was unsure about his eligibility for its work release program. (R. 86–87).

After Clay entered his guilty plea to the felony charge, his public defender began negotiating as to the remaining criminal charges. The plea agreement he negotiated for Clay disposed of four criminal matters pending against him at that time, namely, the current driving while suspended charge, two probation violation charges, and a second charge of driving while suspended. Under the agreement negotiated, Clay would receive a jail term of not more than 180 days on the pending driving while suspended charge, additional time not to exceed 58 days for his current probation violation to be served consecutively to his DWS time, credit for time served, no fines (a $5,000 fine and up to 1 year imprisonment were the statutory penalties for his DWS violation), court costs, and "[i]f at all possible, [Clay] shall be eligible for work/job release...." (R. 30). Finally, the sentences negotiated in the plea bargain were to be consecutive to the jail term imposed on Clay in the circuit court felony action. (R. 29–31). Clay then pled guilty and was sentenced accordingly. As it turned out, Clay was ineligible for the Bloomington or Monroe County work release programs because Clay had received stolen property while already on job-release from another conviction for leaving the scene of an accident. (R. 88–89, 92, 108).

During the post-conviction relief hearing, Clay testified:

> Q. Uh, if you had known before you plead (sic) guilty in this case that you would automatically not qualify uh by reason of the Circuit Court conviction uh for the Bloomington Work Release and for Monroe County Work Release, uh, would you have accepted the plea agreement that you did in this case?
>
> A. No, I don't believe so.[1]

(R. 108).

Clay pled guilty to the DWS misdemeanor charge believing "he could serve the

---

1. This equivocal answer by Clay means only one     thing: even more than a year later, consultation

sentence in this cause through the Bloomington Work Release Program." Appellant's Brief at 8. Thus, his plea was not made knowingly, voluntarily, and intelligently because "he was misled about the consequences of pleading guilty", he contends. *Id.* We disagree.

The appellant in a post-conviction proceeding stands in the shoes of one appealing from a negative judgment. At the post-conviction hearing, the appellant bears the burden of establishing his right to relief by a preponderance of the evidence. *Jackson v. State* (1986), Ind., 499 N.E.2d 215, 216, *reh. denied; Dolan v. State* (1981), Ind.App., 420 N.E.2d 1364, 1366, n. 2. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. We will reverse only if the evidence is without conflict and leads exclusively to a conclusion contrary to that reached by the post-conviction court. *Belcher v. State* (1989), Ind. App., 546 N.E.2d 1276, 1278, *trans. denied; accord, Cheney v. State* (1986), Ind.App., 488 N.E.2d 739, 741.

At Clay's guilty plea hearing, the trial court finished its required plea agreement discourse by saying

Q: Now do you understand ... And everything else is going to be dismissed, no fine, and you are to be on work release.

MR. SHERMAN: If at all possible ... it appears ...

Q: It does say if at all possible.

MR. SHERMAN: That Circuit Court has asked the probation department to investigate work release with him in regard to the sentence upstairs given that two year sentence ... there might be some difficulties.

Q: O.K. Do you understand that agreement?

A: Yes, I do, your Honor.

(R. 75–76). Thus, even at the guilty plea hearing it is crystal clear Clay was fully

aware he might not qualify for *any* work release program. Such testimony coupled with the plea bargain's phrasing *"If at all possible,* the Defendant shall be eligible for work/job release ..." constitutes substantial evidence Clay knew and understood he might not be eligible for any kind of work release program under the circumstances he was facing at the time. (Emphasis supplied). We find no error here.

Finally, Clay complains his public defender's failure to advise him "he would absolutely not be able to serve this sentence on work release, rendered Clay's plea unintelligent and involuntary." Appellant's Brief at 8. Again, we disagree.

The law presumes a criminal defendant is *compos mentis,* that is, has the use and control of his mental faculties at all stages of a criminal proceeding. Unsoundness of mind must be affirmatively pleaded to become an issue. Therefore, any criminal defendant not so pleading knows and understands all matters of which he has personal notice at any stage of a criminal action, as a matter of law.

Clay's disparagement of his attorney's efforts is, at best, ludicrous under the circumstances. Clay had been told prior to pleading guilty he was ineligible for job release and, in effect, probably not eligible for work release. Further, the plea agreement's language fully informed him of his work release status. The "possibility" he might be eligible for work release implies the "probability" he was not. Also, the exchange between the guilty plea judge and Mr. Sherman, Clay's public defender, could not and did not leave any question in Clay's mind as to his status in that regard. He testified he understood the agreement. (R. 76).

Clay was fully conversant with the terms of the plea bargain agreement Sherman had negotiated for him, and knowingly and intelligently entered his guilty plea to the

with the state public defender's office, and a full hearing before the post-conviction court, Clay still didn't know whether he would have entered into the plea bargain absent the "possibility of work release" clause. This answer alone constitutes substantial evidence supporting the trial court's judgment denying Clay post conviction relief. However, we choose to discuss the issues raised by Clay.

misdemeanor charge at issue. His attorney's representation comported with professional norms. He cannot be charged as a guarantor the improbable would occur.

Affirmed.

MILLER and BARTEAU, JJ., concur.