Bruce GOULD, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 79A02–9010–PC–579.[1]

Court of Appeals of Indiana,
Fifth District.

Sept. 26, 1991.

Transfer Denied Dec. 2, 1991.

1. This case has been diverted to this office by order of the Chief Judge.

Steven Knecht, Lafayette, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee-respondent.

RUCKER, Judge.

Petitioner-appellant Bruce Gould (Gould) presents a consolidated appeal challenging the denial of his three petitions for post-conviction relief. Gould raises two issues for our review:

1. Whether the post-conviction court abused its discretion by admitting into evidence affidavits supporting the State's defense of laches;

2. Whether the post-conviction court erred in finding the doctrine of laches precluded post-conviction relief.

We affirm.

In December, 1979, Gould pled guilty to a charge of reckless driving. In January, 1980 and again in October, 1980, he pled guilty to charges of driving while intoxicated. Gould was not represented by counsel in any of these proceedings.

On October 10, 1989, Gould filed three petitions for post-conviction relief challenging his convictions on the grounds that his guilty pleas were not entered knowingly, intelligently and voluntarily. Gould argued he was not adequately advised of his constitutional rights at the time he entered pleas of guilty in 1979 and 1980. In its response, the State asserted the affirmative defense of laches.

On February 27, 1990, the post-conviction court held a hearing at which Gould testified. After Gould's testimony, the State acknowledged the inadequacy of the ad-

visements given at Gould's guilty plea hearings. Over Gould's objection, the court admitted into evidence the State's affidavits of the two police officers who had arrested Gould on the driving while intoxicated charges. In the affidavits the police officers stated they had no independent recollection of the arrests nor could they recall Gould's appearance in order to make an in-trial identification. The Court also admitted over objection an affidavit from the supervisor of the officer who had arrested Gould on the reckless driving charge. The affiant stated the whereabouts of the arresting officer were unknown.

The court entered findings of fact and conclusions of law denying Gould's petition on the grounds that it was barred by laches. This appeal ensued. Additional facts will be discussed below as necessary.

■ In reviewing the judgment of the post-conviction court, we consider only the evidence and reasonable inferences supporting its judgment. The post-conviction court is the sole judge of the evidence and credibility of the witnesses. We will reverse only if the evidence is undisputed and leads inevitably to a conclusion opposite that reached by the post-conviction court. *Grey v. State* (1990), Ind., 553 N.E.2d 1196, *reh. denied.*

■ While Gould carries the burden of proving his grounds for post-conviction relief, the State bears the burden of proving its laches defense by a preponderance of the evidence. The State must demonstrate not only that Gould's delay in filing his petition was unreasonable, but that the State was prejudiced by the delay. *Perry v. State* (1987), Ind., 512 N.E.2d 841; *Stewart v. State* (1990), Ind.App., 548 N.E.2d 1171, *reh. denied.*

### I.

Gould first contends he was denied due process when the post-conviction court admitted into evidence affidavits supporting the State's defense of laches.

Gould advances a two-pronged argument in support of his contentions. First, he argues the court's decision to admit the affidavits into evidence was in contravention of his right to cross-examine the State's witnesses, *Sweet v. State* (1986), Ind., 498 N.E.2d 924, and to challenge the State's accusations against him. *Camarillo v. State* (1980), Ind.App., 410 N.E.2d 1202. Second, Gould argues the State should have been required to demonstrate the affiants were unavailable to testify in open court before the affidavits were admitted into evidence. Gould notes that depositions may be admitted at trial only upon a showing that the declarant is unavailable, *Iseton v. State* (1984), Ind.App., 472 N.E.2d 643, and contends that affidavits are even less reliable than depositions as they are not subject to cross-examination.

■ We are unpersuaded by Gould's argument concerning the foundation requirements for admission of the affidavits. The party submitting evidence at a post-conviction relief hearing need not follow the formal evidentiary rules that apply to trials; affidavits are competent evidence at a post-conviction hearing. Ind. Post–Conviction Rule 1, § 5; *Ray v. State* (1986), Ind.App., 496 N.E.2d 93, 95 n. 3, *reh. denied, trans. denied sub nom Perry v. State* (1987), Ind., 512 N.E.2d 841; *State v. Cleland* (1985), Ind., 477 N.E.2d 537, *reh. denied.*

■ The essence of Gould's remaining due process argument is that the admission of the affidavits denied him the opportunity to confront the State's witnesses. However, Gould's perspective on this issue is at odds with the nature of a post-conviction proceeding; his argument turns on the assertion of rights of a criminal defendant at trial. A hearing pursuant to Ind.P.C. 1 is quasi-civil in nature and totally separate and distinct from the underlying criminal trial. *Phillips v. State* (1982), Ind., 441 N.E.2d 201. Our supreme court has stated that although due process principles are at the heart of the post-conviction remedy, there is no requirement for a public trial within the meaning of the Sixth Amendment of the United States Constitution or Art. 1, § 13 of the Indiana Constitution. *Baum v. State* (1989), Ind., 533 N.E.2d 1200.

■ Consistent with *Baum*, P–C.R. 1, § 5 is clearly drafted so as to avoid many of the formalities of a criminal trial. That rule permits the post-conviction court to receive affidavits into evidence and as Gould points out, an affidavit is by definition not subject to the rigors of cross-examination. The rule also gives the court the discretion to conduct the hearing without the presence of the petitioner. The statutory post-conviction process therefore contemplates a flexible approach to a petitioner's assertion of a right of confrontation. *See Beavers v. State* (1987), Ind., 512 N.E.2d 1106. (Petitioner had no right to cross-examine a witness at the post-conviction hearing on a matter which could have been raised on appeal); *Page v. State* (1988), Ind.App., 517 N.E.2d 427 (Post-conviction court did not abuse its discretion in failing to return petitioner to a hearing where the facts were not disputed by the State and petitioner did not show why his presence was required).

■ At the hearing Gould objected to the admission of the affidavits of the police officers. His argument to the trial court did not question the validity of the statements in the affidavits. Rather, he asserted he must be given the opportunity to cross-examine the affiants in order to determine what records incident to the arrests were available so as to dispute the State's allegation of prejudice. Although we believe the better practice would have been for the trial court to sustain the objection and require the State to produce the available arresting officers, we do not believe that the court's decision denied Gould a fair hearing thereby mandating reversal. The admission of affidavits into evidence at a post-conviction hearing is a matter left to the sound discretion of the court, subject to the principles of due process. *Baum, supra.*

Moreover, the affidavits were made under oath. We must therefore presume the police officer affiants would have testified at the hearing consistent with their statements in the affidavits. That is, had the State produced the affiants as witnesses at the hearing, their testimony would have established the arresting officers either (1) were not available for a trial or (2) did not have an independent recollection of the events underlying Gould's arrests.

■ As we discuss in more detail below, a showing that witnesses are either unavailable or have no independent recollection of the events underlying the conviction will suffice to support the court's findings of prejudice to the State. *Perry, supra; Moser v. State* (1990), Ind.App., 562 N.E.2d 1318. The post-conviction court did not abuse its discretion in admitting the affidavits into evidence.

II.

■ We next address the issue of laches. As we previously noted, the State carries the burden of proving Gould unreasonably delayed in seeking post-conviction relief and the State was prejudiced by the delay. *Moser, supra; Perry, supra; Stewart, supra.* A finding of unreasonable delay implicitly requires proof that Gould knew about the defect in his guilty pleas and his post-conviction remedies. *Moser, supra.* Gould argues the State failed to prove he knew about the defects in his 1979 and 1980 guilty pleas. However, a fact finder may infer knowledge from repeated contacts with the criminal justice system, consultation with attorneys, and incarceration in a penal institution with legal facilities. *Moser, supra.*

The post-conviction court found the State demonstrated Gould's knowledge by circumstantial evidence. Although Gould testified that he remained unaware of the procedures until July, 1989, the post-conviction court, as trier of fact, could disregard this testimony. *Grey*, 553 N.E.2d at 1197. We cannot reweigh the evidence. *Ware v. State* (1991), Ind., 567 N.E.2d 803.

In 1983, Gould was represented by counsel when he pled guilty to a charge of driving while intoxicated. Gould appeared with counsel again in 1985 when he pled guilty to another charge of driving while intoxicated. Subsequently, Gould was represented by counsel when he appeared at a probation revocation hearing related to the latter charge. As a result of that hearing,

Gould was ordered to serve two years with the department of corrections. While in custody at the Westville Correctional Center, Gould utilized the legal facilities to file a pro se motion to modify his sentence. Finally, Gould was represented by counsel in 1986 when he was charged with criminal recklessness with a deadly weapon. At that time, the trial court advised Gould of his rights and entered Gould's guilty plea after he waived those rights.

■ In sum, there was ample circumstantial evidence that Gould knew about the defects in his 1979 and 1980 guilty pleas and post-conviction relief procedures as early as 1983 but did nothing to challenge them. The court did not err in finding Gould unreasonably delayed in seeking post-conviction relief.

■ Nor can we agree with Gould that the court erred in finding the State would be prejudiced by his delay. The State is prejudiced if it can show that it would be extremely difficult or impossible to retry Gould. *Moser, supra; McCollum v. State* (1991), Ind.App., 569 N.E.2d 736. The affidavits submitted by the State reveal that of the three police officers who arrested Gould in the underlying cases, one officer left the police force in 1984 and could not be located; the other two officers had no independent recollection of the arrests, despite reviewing the arrest reports, and also would not be able to identify Gould at a trial.

■ Where the underlying conviction is based on a traffic offense, a showing that the arresting officer has no independent recollection of the incident is sufficient to support a finding of prejudice. *Moser, supra; Perry, supra,* 512 N.E.2d at 846, n. 3. Likewise, a showing that the arresting officer is not available for trial is also sufficient to support a finding of prejudice. If a reasonable likelihood of successful prosecution is materially diminished by the passage of time attributable to the defendant's neglect, then prejudice has been sufficiently demonstrated. *Stewart, supra.* The evidence in this case is suffi-

cient to demonstrate the State would be prejudiced by having to retry Gould after delays of nine and ten years.

We find no error. Judgment is affirmed.

BARTEAU and SHIELDS, JJ., concur.