**Gina L. HOLMES, Appellant–Petitioner,**

**v.**

**STATE of Indiana, Appellee–Respondent.**

**No. 45A03–9112–PC–00381.**

Court of Appeals of Indiana, Third District.

May 11, 1992.

Transfer Denied June 24, 1992.

Mitchell A. Peters, John M. Vouga, Harper and Rogers, Valparaiso, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

HOFFMAN, Judge.

Appellant-petitioner Gina Holmes appeals the denial of her petition for post-conviction relief.

The facts relevant to the appeal disclose that on May 10, 1984, pursuant to a plea agreement, petitioner pled guilty to the crime of driving under the influence, a Class A misdemeanor. On January 7, 1991, petitioner filed a *pro se* petition for post-conviction relief. The State filed a motion to extend time, motion for continuance, and answer on March 21, 1991. After an evidentiary hearing on June 13, 1991, the post-conviction court took the petition under advisement. On July 29, 1991, the court denied the petition.

Petitioner raises four issues for review; however, this Court finds the following issue dispositive of the appeal: whether the post-conviction court erred in finding that laches barred petitioner's claim.

Petitioner contends the post-conviction court erred in finding that laches barred her claim. In a post-conviction proceeding, the petitioner bears the burden of proof and stands in the shoes of one appealing from a negative judgment. *Clay v. State* (1991), Ind.App., 572 N.E.2d 1362, 1364. A reviewing court will not reverse the judgment of the post-conviction court unless the evidence is without conflict and

leads unerringly to a contrary result. *Id.* However, when the State raises the affirmative defense of laches, the burden of pleading and proving that defense shifts to the State, and the appellate standard of review is sufficiency of the evidence. *McCollum v. State* (1991), Ind.App., 569 N.E.2d 736, 738. In order to sustain its burden, the State must prove by a preponderance of the evidence that the petitioner's delay in seeking relief was both unreasonable and prejudicial. *Id.*

With respect to the issue of unreasonable delay, the State notes that repeated contacts with the criminal justice system, consultation with attorneys, and incarceration in a penal institution with legal facilities are all facts from which a trier of fact may infer knowledge of, and acquiescence in, the defect in a guilty plea and the means of relief. *Id.* The instant record does not disclose whether petitioner ever spent time in a penal institution; however, even if she had not, such would not defeat the inference that she knowingly acquiesced in the delay. *See Moser v. State* (1990), Ind.App., 562 N.E.2d 1318, 1319–1320. According to petitioner's own testimony at the post-conviction hearing, she had two contacts with the criminal justice system and was represented by counsel on both occasions. Moreover, the record reveals an almost seven-year delay between petitioner's guilty plea and the filing of her petition for post-conviction relief. Although petitioner testified that she had no knowledge of a problem with her guilty plea until six months before the post-conviction hearing, the length of the delay, her contacts with the criminal justice system, and her consultations with attorneys justify an inference that she knowingly acquiesced in the delay and that, in light of the circumstances, the delay was unreasonable.

As for the prejudice issue, the State showed that it would be extremely difficult to reprosecute the charge to which petitioner had pled guilty. The arresting officer, the only witness to the crime other than petitioner, testified at the post-conviction hearing that he had no independent recollection of the arrest despite the State's attempt to refresh his memory with his probable cause affidavit. The officer also testified that petitioner's face seemed vaguely familiar, but he could not identify her. This Court has found similar evidence sufficient to support a finding of prejudice.

> *See, e.g., Gould v. State* (1991), Ind.App., 578 N.E.2d 382, 386;
>
> *Moser* at 1320.

Accordingly, the post-conviction court did not err in finding that laches barred petitioner's claim.

■ Petitioner also argues that the post-conviction court erred in allowing the State to assert its laches defense due to the untimely filing of its answer. Ind. Post–Conviction Rule 1(4)(a) provides as follows:

> "Within thirty [30] days after the filing of the petition, or within any further reasonable time the court may fix, the State, by the prosecuting attorney, shall respond by answer stating the reasons, if any, why the relief prayed for should not be granted. The court may make appropriate orders for amendment of the petition or answer, for filing further pleadings or motions, or for extending the time of the filing of any pleading."

As petitioner notes, the State filed its answer on the day the court had first scheduled the post-conviction hearing. However, in the motion to extend time and motion for continuance the State filed simultaneously with its answer, the State informed the court that it had never received a copy of the petition and that its first notice of the hearing was March 15, 1991. Due to the circumstances surrounding the State's filing of its answer, the post-conviction court did not err in allowing the State to assert its laches defense.

The judgment of the post-conviction is affirmed.

GARRARD and STATON, JJ., concur.